UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN JAMES KRIER,

              Petitioner,

   v.

ADAM FORTNEY,

             Respondent.

CASE NO. 2:20-cv-00992-RSM-BAT

**REPORT AND RECOMMENDATION**

On June 24, 2020, Petitioner Steven James Krier filed a federal habeas petition under 28 U.S.C. § 2254 as a pre-trial detainee at Snohomish County Corrections. Dkts. 1, 8. On July 29, 2020, the Court ordered petitioner to show cause why the habeas petition should not be dismissed on exhaustion grounds and because one claim was duplicative of another pending civil rights action filed by petitioner under 42 U.S.C. § 1983. Dkt. 10.

The Court's show cause order was returned because petitioner was release from the Snohomish County Jail. Dkt. 11. On August 10, 2020, petitioner filed notice he is not detained at the Snohomish County Jail and is detained at the King County Jail. Dkt. 13. The Court again ordered petitioner to show cause why the habeas petition should not be dismissed. Dkt. 14.

On August 24, 2020, petitioner filed a response to the order to show cause. Dkt. 15. In his response petitioner contends the Court should change the name of the Respondent to the King

REPORT AND RECOMMENDATION - 1

County Director of Adult and Juvenile Detention (DADJ) and grant his immediate release from detention without financial conditions. For the reasons below, the Court recommends the habeas petition be DENIED and that it be DISMISSED with prejudice. The Court further recommends that a Certificate of Appealability (COA) be DENIED.

**DISCUSSION**

Under Rule 4 of the Rules Governing § 2254 cases, the Court must conduct a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

**A.      Petitioner's Habeas Claims**

The habeas petition alleges petitioner's Eighth Amendment, Due Process and Equal Protection, rights were violated by the imposition of "unconstitutionally excessive bail" imposed by Snohomish County Judges. Dkt. 8 ("Ground 1"). Specifically, petitioner claims the $200,000.00 (reduced to $140,000 on reconsideration) bail set by the Snohomish County court was excessive because the allegations against him were for low level nonviolent property crimes and petitioner was unable to afford the cost of the bail set.

Petitioner also claims the Snohomish County District Court lacked "constitutional and statutory venue over alleged offenses in King County[.]" *Id.* ("Ground 2"). He claims the

REPORT AND RECOMMENDATION - 2

Snohomish County District Court "abused discretion in setting bail and imposing conditions by not considering mandated factors for such." *Id.* ("Ground 3").

Petitioner further claims the conditions of confinement at the Snohomish County Jail constitute "punishment without due process, interfere with effective assistance of counsel and access to courts, and jeopardizes health and safety." *Id.* ("Ground 4"). He argues he is a pretrial detainee and is subjected to the same conditions of confinement as convicted prisoners and that this constitutes punishment. *Id.* He claims he has a "compromised immune system making him more susceptible to contracting COVID-19 as well as multiple spinal stenosis that could result in paralysis if assaulted or in a fight …" *Id.* He claims his communication with counsel in and the court is limited to 5 sheets of paper and 3 envelopes per week and 40 minutes 3 times a day phone access which is near the guard station and therefore not confidential. *Id.*

Petitioner originally claimed he raised each of these claims in the state court in the context of a state habeas petition and a personal restraint petition (PRP) and that he has not "received responses." *Id.* As relief, he seeks "immediate release on personal recognizance (PR) pending charging decision, appointment of counsel, immediate review of petition and waive filing fee and my other fees."

**B.      Petitioner's Show Cause Arguments**

After petitioner filed his habeas petition, he was released from the Snohomish County Jail and transported to DADJ where he ostensibly was detained by a King County judge based upon criminal charges filed in that County. Dkts. 13, 15. The Court thus ordered petitioner to show cause why his release from Snohomish County Jail does not moot the request for relief petitioner

REPORT AND RECOMMENDATION - 3

sought—release from the Snohomish County Jail—and why the Court should not accordingly dismiss the petition.

In his response to the order to show cause, petitioner first contends he presented his habeas claims to the Snohomish County Superior Court, the Washington Court of Appeals, and the Washington State Supreme Court and that each court summarily denied his claims. However, petitioner also avers that on:

> July 23, 2020, the Snohomish County Superior Court entered orders on Release/Detention in causes 20-1-00735-31, 20-1-00736-31, and 20-1-00737-31 releasing petitioner from pretrial confinement on personal recognizance with conditions of electronic monitoring in King County as was the status-quo prior to petitioner's warrantless arrest at his home by Everett Police.

Dkt. 15 at 2-3. After the Snohomish County Superior Court issued the orders, petitioner alleges he was not released and instead was transported to DADJ "due solely to petitioner's captors at Snohomish County Jail preventing/prohibiting petitioner from appearing before the Court as previously scheduled due solely to being confined in captivity." *Id.* at 3.

Petitioner argues his detention violates the Constitution and Washington State Law because the Snohomish County Court ordered excessively high bail and that he has a "compromised immune system." He argues the dangers posed by contracting COVID-19 while in custody also support release. Petitioner further argues the conditions in the Snohomish County jail violate guidelines issued by the CDC and that respondent Fortney, who directs the Snohomish County Jail, has "defied Gov. Inslee's orders." *Id.* at 10.

Petitioner avers he filed the habeas petition while he was detained in the Snohomish County jail but "since petitioner's custody has transferred to King County Jail, the proper respondent in this habeas action would now be the head of the King County Jail." *Id.* at 14. As

REPORT AND RECOMMENDATION - 4

1  relief, petitioner requests the Court grant his habeas writ, and order his immediate release from

2  pretrial confinement "subject to non-financial conditions set by the court." *Id*. at 16.

3  **B.      28 U.S.C. § 2254 versus 28 U.S.C. § 2241 and Exhaustion**

4        The habeas petition was originally brought under 28 U.S.C. § 2254. The Court cannot

5  grant habeas relief under § 2254 because petitioner has not yet been convicted. A § 2254 habeas

6  petition allows the Court to provide petitioner ***post-conviction*** collateral relief. *See Davis v.*

7  *Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (habeas relief not available where petitioner has not

8  appealed his federal constitutional violations to the highest state court).

9        However, the Court will normally consider a habeas petition filed by a prisoner in pretrial

10 detention, under 28 U.S.C. § 2241, *see White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004). In

11 seeking § 2241 relief, "a state prisoner must normally exhaust available state judicial remedies

12 before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S.

13 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts

14 [have been afforded] a meaningful opportunity to consider allegations of legal error without

15 interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate

16 prisoners must give the state courts one full opportunity to resolve any constitutional issues by

17 invoking one complete round of the State's established appellate review."  *O'Sullivan v.*

18 *Boerckel*, 526 U.S. 838, 845 (1999).

19       Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the

20 Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless

21 special circumstances warrant federal intervention prior to a state criminal trial. *Carden v.*

22 *Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (explaining that "special circumstances" which

23 relieve a petitioner from the exhaustion requirement are instances of proven harassment, bad-

REPORT AND RECOMMENDATION - 5

1    faith prosecution, or other extraordinary circumstances where irreparable injury is imminent); *see*

2    *Younger v. Harris*, 401 U.S. 37 (1971).

3          Here, petitioner claims he presented his habeas claims to the Snohomish County Superior

4    Court, the Court of Appeals and the Washington State Superior Court. It is unclear whether

5    petitioner properly presented his habeas claims to the state courts. If he has not, petitioner has not

6    exhausted his state remedies. Assuming without deciding that petitioner properly exhausted his

7    remedies regarding the Snohomish County order of detention, petitioner has nonetheless failed to

8    show he exhausted his remedies regarding his detention in DADJ, which is based upon detention

9    orders entered by the King County Superior Court. The sole orders of detention holding

10   petitioner in detention at DADJ were issued by King County Superior Court. Accordingly, as

11   petitioner seeks immediate release from detention that was ordered by the King County Superior

12   Court and has not exhausted his state remedies as to those orders, the habeas petition should be

13   dismissed.

14   **C.  Impact of Release from Snohomish County**

15         Additionally, it does not appear the Court could grant the relief petitioner originally

16   requested. Petitioner originally challenged the bail set in the Snohomish County Superior Court

17   and requested this Court immediately release him. However, the petitioner's challenge to the bail

18   set in Snohomish County is moot because petitioner is no longer detained in the Snohomish

19   County Jail and in fact was ordered released on the criminal matters filed in that Court.

20         Petitioner is now detained in the King County Jail, ostensibly based upon an order of

21   detention issued by that court for a criminal matter filed in King County. If petitioner seeks to

22   challenge the order of detention issued by the King County Superior Court, he must file a new §

23   2241 habeas petition challenging the constitutionality of the King County detention order and

REPORT AND RECOMMENDATION - 6

1  show he has exhausted his state remedies as to the constitutionality of the King County detention

2  order.

3        At this point, petitioner avers he was detained by the King County Superior Court for

4  failing to make a court appearance and that his failure to appear was caused by his arrest and

5  detention by the Snohomish County Superior Court. This allegation does not establish the King

6  County Superior Court's orders detaining petitioner were issued in violation of the United States

7  Constitution.

8        In short, petitioner's request that he be immediately released from the Snohomish County

9  Jail is moot because the Court in that county ordered petitioner released in July 2020 on the three

10 criminal matters that are pending there. The habeas petition should accordingly be denied and

11 DISMISSED with prejudice. Petitioner's request that the director of DADJ be named as

12 respondent and that the court grant the writ of habeas corpus should also be denied. There is

13 nothing showing that the King County Superior Court's order detaining petitioner in DADJ on

14 criminal charges violates the United States Constitution and nothing showing petitioner has

15 properly exhausted his state remedies as to the King County detention orders.

16     **C.**    **Conditions of Confinement Claims**

17       Petitioner also raises claims related to the conditions of his confinement at the Snohomish

18 County Jail. Dkt. 8. Petitioner acknowledges his habeas petition is not the proper vehicle for

19 challenging the conditions of confinement in the Snohomish County Jail. *See* Dkt. 15 at 14

20 (Petitioner's habeas and civil rights allegation are "separate actions."). A habeas action goes

21 directly to the constitutionality of the prisoner's physical confinement itself and seeks either

22 immediate release from that confinement or the shortening of its duration. *Preiser v. Rodriguez*,

23

REPORT AND RECOMMENDATION - 7

411 U.S. 475, 503 (1973). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Moreover, petitioner has been released from the Snohomish County Jail, and the conditions in that jail are no longer germane to the relief sought in his habeas petition.

## CERTIFICATE OF APPEALABILITY

If the district judge adopts the Report and Recommendation, the judge must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Wilson-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends petitioner not be issued a COA.  No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 11, 2020.** The Clerk shall note the matter for **September 11, 2020**, as ready for the District Judge's consideration. Objections shall not exceed 10 (ten) pages. The failure to timely object may affect the right to appeal.

DATED this 28th day of August, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge